```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x

MAXIMO CRUZ-GUEVARA,

                Plaintiff,              MEMORANDUM & ORDER
                                        24-CV-7008(EK)(ARL)
        -against-

VIJAY L. SUKHRAM,

                Defendant.

-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

  Plaintiff Maximo Cruz-Guevera filed this action in New York State Supreme Court in Suffolk County.  Notice of Removal, ECF No. 1.  He alleged that defendant Vijay Sukhram caused a car accident that injured him and damaged his vehicle.  Compl. ¶¶ 8-16, ECF No. 1-1.  Sukhram removed the case to federal court pursuant to 28 U.S.C. § 1441(a), invoking this Court's diversity jurisdiction.  Notice of Removal ¶ 1.

  This Court then ordered Sukhram to show cause as to why the case should not be remanded for lack of subject-matter jurisdiction.  Order to Show Cause, Docket Order dated Oct. 31, 2025.  Sukhram has now responded.  Resp. to Order to Show Cause ("Def. Resp."), ECF No. 19.  For the reasons outlined below, Sukhram has not shown complete diversity between the parties.

  The Court must determine its jurisdiction *sua sponte*. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d

Cir. 2000).[1]  Sukhram's initial notice of removal alleged the states of *residency*, but not citizenship, of the parties.  In response to the order to show cause, Sukhram filed an amended notice of removal, an excerpt of testimony from Cruz-Guevara's deposition in the underlying action, and his own affidavit.  Am. Notice of Removal, ECF No. 19-1; Dep. of Cruz-Guevara ("Cruz-Guevara Dep."), ECF No. 19-2; Aff. of Vijay Sukhram ("Sukhram Aff."), ECF No. 19-3.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed" by a defendant.  Federal district courts have jurisdiction over civil actions between a citizen of a State and citizen of a foreign state if the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(2).[2]  In a removal case, the removing party bears the "burden of establishing that removal is proper." *United Food & Com. Workers Union, Loc. 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

The court first considers whether the notice of removal and complaint show the citizenship of the parties.

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

[2] The Court's order to show cause addressed the diversity of citizenship issue.  This order thus considers only whether Sukhram has established diversity of citizenship and does not address the amount in controversy.

*United Food,* 30 F.3d. at 301.  If these filings do not, or if the court questions whether the defendant has adequately supported any assertion in its notice of removal, the court may order the parties to show cause as to why the case should not be remanded.  *Id.; Barnes v. Fort Hamilton Fam. Homes*, 524 F. Supp. 3d 40, 42 (E.D.N.Y. 2021).  In that instance, the removing party must offer proof of the parties' citizenship.  *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

The Court also has discretion to order "jurisdictional discovery" in a removal case with "improperly pleaded citizenship."  *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617-18 (2d Cir. 2019).  But courts disfavor "extensive inquiry" into removability when a defendant has "failed in the first instance to aver a proper jurisdictional basis for removal."  *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994); *Elliott v. Jaquez*, 777 F. Supp. 3d 136, 147 (E.D.N.Y. 2025).  Courts do not typically conduct jurisdictional discovery after a party has had an opportunity to respond to an order to show cause.  *Barnes*, 524 F. Supp. 3d at 42; *see also Elliott*, 777 F. Supp. 3d at 149 (determining not to conduct jurisdictional discovery after defendant responded to the diversity of citizenship issue in response to plaintiff's motion to remand).

An individual's citizenship is determined by reference

to domicile. *Van Buskirk*, 935 F.3d at 53. Domicile is "where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. In addition to residence, courts consider a person's state of employment, automobile registration, and driver's license, among other things. *Kennedy v. Trs. of the Testamentary Tr. of the Last Will & Testament of President John F. Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). Residency alone is insufficient. *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). The party seeking removal must show the domiciles of each party. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 324 (2d Cir. 2001).

Sukhram's initial notice of removal asserted that Cruz-Guevara was domiciled in New York. Notice of Removal ¶ 2. Sukhram based this assertion on Cruz-Guevara's complaint, which alleged only that Cruz-Guevara was a *resident* of New York. Compl. ¶ 1. Sukhram then submitted one page of Cruz-Guevera's deposition testimony. Cruz-Guevara Dep. In it, Cruz-Guevara says that his current address is in Long Island and that he has lived there for "a year and something. Maybe two years; I don't know." *Id*. at 15:7-19. He is then asked where he resided before, but the submitted excerpt shows no answer. *Id.* at 15:20-25.

4

This is inadequate because it shows that Cruz-Guevera resided in New York for two years at most. *Canedy*, 126 F.3d at 103. The excerpt reveals nothing about other factors relevant to domicile. Although the state-court complaint also alleges that Cruz-Guevara owns, and was driving at the time of the accident, a car registered in New York, Sukhram did not submit any evidence as to this allegation. Compl. ¶¶ 3-4. Sukhram has thus not shown Cruz-Guevara's domicile, which is necessary to "support the existence of diversity jurisdiction."[3] *Herrick Co.*, 251 F.3d at 324; *see also Hartford Life Ins. Co. v. Simonee*, No. 14-CV-7520, 2015 WL 8490998, at *3 (E.D.N.Y. Dec. 10, 2015) (finding court lacked jurisdiction where a party's domicile was not adequately shown). Accordingly, Sukhram has not carried his burden to show that the case is properly in federal court, and the case must be remanded. *Vasura v. Acands*, 84 F. Supp. 2d 531, 535-36 (S.D.N.Y. 2000) (remanding case where there was not complete diversity between the parties).

For the foregoing reasons, the Court finds that it does not have subject-matter jurisdiction over this case. This action is therefore remanded to the New York State Supreme

---

[3] In his affidavit, Sukhram states that "[a]t all material times, I have been a citizen of Ontario Canada, residing in Ontario, Canada." Sukhram Aff. ¶ 4. Because Sukhram has not established Cruz-Guevara's domicile, he cannot show complete diversity, and it is thus unnecessary to determine whether Sukhram has established his own domicile. *See Herrick Co.*, 251 F.3d at 324.

5

Court, Suffolk County, under Index No. No. 605217/2024. The Clerk of the Court is respectfully directed to send a certified copy of this Order to the Clerk of the New York State Supreme Court in Suffolk County.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    December 21, 2025
          Brooklyn, New York